**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Hector Salcido, | No. CV-21-08256-PCT-JAT |
| Petitioner, | **ORDER** |
| v. | |
| Attorney General of the State of Arizona, et al., | |
| Respondents. | |

In this case, Petitioner seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Rules Governing § 2254 Proceedings ("Rules") provide that after a Petition is filed, Respondents must answer when ordered to do so by the Court.  Rule 5 of the Rules Governing § 2254 Proceedings.  That answer must include relevant portions of the state court record.  *Id*.  Petitioner is permitted to submit a Reply to Defendant's answer within the time set by the scheduling order.  *Id*.  This process is how the Rules envision the claims and the record will be provided to the Court.

In this case, Petitioner has filed a number of collateral motions, including: a motion to stay this case, a motion to amend the Petition, a motion to appoint counsel and a motion to add to the record.  Respondents have filed two motions to strike.

This case was referred to a Magistrate Judge for the preparation of a Report and Recommendation ("R&R") on the Petition.  The Magistrate Judge issued a R&R recommending that the Petition be denied because it is barred by the statute of limitations. (Doc. 13).  Petitioner objected to this recommendation.  (Doc. 15).  Respondents replied to

the objection.  (Doc. 17).

Petitioner filed a reply to Respondents' reply to Petitioner's objections; however, a reply to the reply is not permitted under the Rules.  (Doc. 19).  Respondents moved to strike Petitioner's reply because it is an impermissible sur-reply.  (Doc. 21).  The Court will grant Respondents' motion to strike because Petitioner's filing is not permitted by the Rules.

## I.    Motion to Appoint Counsel

Turning to the motion to appoint counsel, "[t]here is no constitutional right to counsel on habeas."  *Bonin v. Vasquez*, 999 F.2d 425 (9th Cir. 1993).  Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances indicate that appointed counsel is necessary to prevent due process violations.  *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 107 S.Ct. 1911 (1987); *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970); *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir. 1965), *cert. denied*, 382 U.S. 996 (1966).

The Court has discretion to appoint counsel when the judge "determines that the interests of justice so require." *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)).  "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Here, given the conclusion of the R&R that both the Petition and the Amended Petition are untimely, Petitioner has a low likelihood of success on the merits.  The Court has read Petitioner's objections, and as discussed more fully below, and nothing in them refutes that conclusion.  Further Petitioner is very capable of articulating his claims pro se.  Thus, under the test in *Weygandt* the Court will not appoint counsel.

However, the Court notes that in his objections, Petitioner argues that he requires further discovery and an evidentiary hearing.  In his request for appointment of counsel, Petitioner correctly notes that the Rules require the appointment of counsel if the Court is going to either allow discovery or conduct an evidentiary hearing.  (Doc. 14 at 3 citing

Rule 8 and Rule 6 (including the committee notes) of the Rules Governing Section 2254 proceedings).  Petitioner recognizes that any request for discovery cannot be a fishing expedition based on conclusory allegations.  (*Id*. at 14 at 3 citing *Calderon v. U.S. Dist. Ct. for the N. Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996)).  Petitioner then also includes 9 single spaced pages listing all evidence he seeks.  (Doc. 14 at 4-12).

At pages 4 through 6 of his motion for appointment of counsel, Petitioner seeks information about the victim.  (Doc. 14 at 4-6).  Examples of the information Petitioner seeks include: "'victim's' motivations to falsely accuse Petitioner/numerous other illicit sex crimes within the same time she accuses me, e.g., habit evidence, 804(3)(A)(B) evidence which is best explained at Exh(A)Sec.B, P.E.1A Line 1-P.E.1B.Line 37, Hence all of Sec. B, in short includes the details of slew [of] rebuttal evidence proving state's entire case was/is baseless/frivolous, which was hatched by the 'victim'/her mom in order to conceal 'victim's' secrets [further citations omitted]." (Doc. 14 at 4).  By way of further example, Petitioner states, "Besides the 'vic' accusing myself, my twin boys, and 2 of her uncles of sex crimes she also accuses people at her school of similar crimes in Dec. 2009 [citations omitted] e.g., slew of rebuttal evidence: cctv of Circle K, Dollar General – computer hard drive/online activity – cell text; landline calls – police records/arrests – [victim's] journal from 2008/2009.  Hence, [citations omitted] slew [of] rebuttal evidence/wits as I was never given the time nor means, nor advice by advisory counsel to secure such evidence to this day…." (Doc. 14 at 4).  Petitioner also states, "I eventually am forced to rep myself and am appointed advisory counsel who will lie to me about the contents of my case file, keep my case filed from me while sharing all docs/evidence in my file with the state/ct., and who lies to me about defense expert results, R's of procedure/R's of evid." (Doc. 14 at 5).  Page 6 of Doc. 14 is what Petitioner believes would be found in the victim's journal (which is of a sexual nature and purely speculative) and the victim's medical records (which is also purely speculative and private to the victim if true).  Pages 7 through 9 of Petitioner's request for counsel mostly recount encounters between Petitioner and the victim or her family.  (Doc. 14 at 7-9).  Petitioner then seeks discovery

of the prosecutor's personnel file and the judge's personnel file to look for possible biases or conflicts of interest. (Doc. 14 at 9). At page 10, Petitioner takes issue with the state's rape-shield laws. (Doc. 14 at 10). And at pages 11-12 Petitioner makes a list (including proposed questions) of people he would like to depose. (Doc. 14 at 11-12).

As indicated above, the R&R concludes that the Petition in this case is untimely. (Doc. 1 at 1). In his objections, Petitioner argues that he can show "actual innocence" to gateway around the statute of limitations. (Doc. 15 at 7-10). However, all evidence and discovery Petitioner seeks at this point existed at the time of his original trial.[1] The actual innocence gateway to the statute of limitations is not an opportunity to attempt to find evidence of actual innocence by doing discovery that was not done in the state court proceeding. Indeed, Petitioner's speculation about what evidence might be available and what that evidence might reveal is a prohibited fishing expedition.[2]

Further, Petitioner chose to represent himself; thus, he cannot now complain that his advisory counsel did not collect this evidence for him or strategize regarding what evidence should be collected as a basis to do a de novo investigation in federal court. *Cf. Faretta v. California*, 422 U.S. 806, 834, n. 46 (1975) ("…a defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel.'"). Thus, the Court finds that neither discovery nor an evidentiary hearing is warranted because Petitioner is not entitled to redo all discovery and relitigate all evidence from his state court trial. Accordingly, Petitioner's motion for appointment of counsel is denied because Petitioner is not likely to succeed on the merits, Petitioner can articulate his claims pro se, and this Court will not permit discovery or an evidentiary hearing.

## II.    Motion to Amend Petition

Next the Court will turn to Petitioner's motion to amend his Petition. A habeas petition, "may be amended or supplemented as provided in the rules of procedure

---

[1]  For example, Petitioner was at the encounters between himself and the victim's family. Thus, he knew about these encounters at the time of his original trial.
[2]  For example, Petitioner speculates that the victim kept a journal, that the journal still exists, and further speculates as to what might be recorded in the journal.

applicable to civil actions." 28 U.S.C. § 2242. The Ninth Circuit Court of Appeals has held that Rule 15 as a whole applies to habeas cases. *James v. Giles*, 221 F.3d 1074, 1077–78 (9th Cir. 2000). Here, Petitioner filed his motion to amend his petition within 21 days of Defendants' answer being filed. Thus, his amended petition would have counted as his one time, of right amendment under Federal Rule of Civil Procedure 15 had he simply filed it.

However, Petitioner did not file the amended petition. He filed a motion to amend and included a copy of his proposed amendment which was lodged by the Clerk's office. In choosing to file a motion to amend, the Court finds that Petitioner was not using his "as a matter of course" amendment under Federal Rule of Civil Procedure 15. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015) (holding that a plaintiff may choose to amend their complaint the first time by stipulation, thereby saving the plaintiff's as-a-matter-of-course amendment for later in the litigation); *accord Coventry First, LLC v. McCarty*, 605 F.3d 865, 869–70 (11th Cir. 2010) ("Coventry…never filed an amended complaint as a matter of course. Instead, it chose to file a motion to amend. We conclude that, in doing so, it waived the right to amend as a matter of course and it invited the District Court to review its proposed amendments. Coventry cannot then complain that the District Court accepted this invitation."); *but see Sparling v. Hoffman Const. Co.,* 864 F.2d 635, 638 (9th Cir. 1988) (holding (under a prior version of Federal Rule of Civil Procedure 15) that when an "unnecessary" motion to amend is filed (because the as-a-matter-of-course amendment is still available) the Court should "grant" the motion as unnecessary). Relying on *Ramirez*, which held that a plaintiff is not bound chronologically as to whether he pursues an as-a-matter-of-course amendment first in a litigation, the Court will rule on the motion to amend as filed.

Respondents moved to strike the lodged amended petition. (Doc. 12). Respondents argue that under the Civil Local Rules, Petitioner was required to file a redlined version of the amended petition showing the changes from the original petition. Respondents are correct that the lodged amended petition fails to comply with Local Rule of Civil Procedure

15.1(a), because Petitioner failed to attach a "redline/strikeout" version of his proposed amended petition. *See* LRCiv 15.1 (a party seeking leave to amend "must attach a copy of the proposed amended pleading . . ., which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added"). This redlining requirement is significant in this case because Petitioner's original Petition was 24 pages. Petitioner's amended petition is almost 1,750 pages that is largely handwritten and does not clearly delineate what is the petition itself and what are exhibits from prior proceedings. Indeed, it appears Petitioner has woven exhibits into his arguments at various points throughout his filing, but the arguments continue for the entirety of the document. Because the disparity between the original and lodged amended petitions is stark, the failure to comply with LR Civ. 15.1(a) impedes the Court's ability to review the amended petition.

Pursuant to Rule 3.5(a) of the Local Rules of Civil Procedure, Petitioner is required to use a court-approved form when filing a pro se petition pursuant to 28 U.S.C. § 2254. The petition must also be filed "in accordance with the instructions provided with the forms." *See* LRCiv 3.5(a). The Instructions for completing the petition require Petitioner to identify the constitutional right violated and the facts supporting that the right was violated. The lodged amended petition fails to comply with the instructions in that Petitioner does not discuss his claims in any coherent fashion. Rather, in his grounds for relief, Petitioner quotes a constitutional amendment and asserts multiple grounds for relief. And instead of alleging only the facts relevant to the violation of a particular constitutional right, Petitioner describes every event with which he disagrees, rendering his proposed amended petition prolix and impossible to follow. Indeed the 1,750-page petition contains pages upon pages of Petitioner's speculation about the behaviors of the victim, none of which was developed or substantiated in the state court proceeding. (*See*, *e.g.*, Doc. 11-1 at 2, 12, and 40).

Thus, because the lodged proposed amended complaint fails to follow the Civil Local Rules and fails to comply with Federal Rule of Civil Procedure 8(a), which requires

"a short and plain statement of the claim showing that the pleader is entitled to relief," leave to amend will be denied.  Specifically, "[e]ach allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  A petition that has the factual elements scattered throughout the document and not organized into a "short and plain statement" fails to satisfy Rule 8.  *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (complaint does not comport with Rule 8 if "one cannot determine who is being sued, for what relief, and **on what theory**") (emphasis added); *Krikorian v. Bank of Am. NA, No.* CV-20-02274-PHX-DWL, 2021 WL 3419038, at *2 (D. Ariz. Aug. 5, 2021) (aff'd Slip. Op. March 25, 2022). The approximately 1,750-page petition in this case falls well short of Rule 8's requirements.  For all of the forgoing reasons, leave to amend is denied.

Because the Court has denied leave to amend, Respondents' motion to strike the lodged proposed amended petition is moot and is denied for this reason.

## III.   R&R

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise."  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the [Magistrate Judge's] recommendations to which the parties object.").  District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

The R&R concludes that the Petition in this case is untimely under the Anti-

- 7 -

Terrorism and Effective Death Penalty Act's one-year statute of limitations. (Doc. 13 at 4). The R&R further concludes that the Petition is still untimely after applying all statutory and equitable tolling. (*Id*. at 4-6). Finally, the R&R concludes that Petitioner has not shown actual innocence which is required for Petitioner to gateway around the statute of limitations. (*Id*. at 6).

Petitioner objects to the R&R. (Doc. 15). In the objections at pages 1-6 Petitioner argues he is entitled to equitable tolling of the statute of limitations. (*Id*. at 1-6). Petitioner spends the remainder of his objections mostly arguing that he can show actual innocence and that he should therefore be excused from the statute of limitations.[3] (*Id*. at 7-10). Preliminarily, the Court accepts the recommendation of the R&R that the Petition is untimely, absent equitable tolling, because neither party objected to this recommendation.

With respect to Petitioner's first objection, relating to equitable tolling, as the R&R notes, to be entitled to equitable tolling, Petitioner must show, "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." (Doc. 15 at 4 (citations and quotations omitted)). The sum of Petitioner's objection on this issue is that he worked very hard on his Petition and that it took him a long time to prepare. (Doc. 15 at 1-6). However, Petitioner's lack of legal sophistication or ignorance of the law, which caused him to take an extended period of time to prepare his Petition, are not a basis for equitable tolling. *See Raspberry v. Garcia,* 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, this objection is overruled. The Court accepts the recommendation of the R&R and finds that Petitioner has not shown a basis for equitable tolling.

With respect to Petitioner's second objection, relating to actual innocence, as the R&R notes, to be entitled to the actual innocence gateway around the statute of limitations, Petitioner must show "new, reliable evidence of actual innocence…. *See Smith v. Hall*, 466

---

[3] By way of example of what Petitioner argues other than actual innocence, Petitioner also argues that Magistrate Judge Boyle should be recused from this case for bias. (Doc. 15 at 9). The Court finds no evidence of bias and this request is denied. *In re Marshall*, 721 F.3d 1032, 1041 (9th Cir. 2013) ("A judge's rulings, alone, almost never constitute a valid basis for a bias or partiality motion.") (internal quotations and citation omitted).

F. App'x 608, 609 (9th Cir. 2012) (explaining that to pass through the *Schlup* gateway, a petitioner must first satisfy the 'threshold requirement of coming forward with 'new reliable evidence''); *Griffin v. Johnson*, 350 F.3d 956, 961 (9th Cir. 2003) ('To meet [the *Schlup* gateway standard], [petitioner] must first furnish 'new reliable evidence ... that was not presented at trial.'')." (Doc. 13 at 6 (alterations in original)).

Petitioner has not presented any new evidence.  (*See* Doc. 15 at 7-10; *see also* Doc. 14 at 4-6).  At best he has recounted evidence that was available at the time of his original trial.  At worst he is speculating about what evidence might show if he began widespread discovery.  Neither kind of evidence meets the "new, reliable evidence" requirement to meet the actual innocence standard.  Accordingly, this objection is also overruled.  The Court accepts the recommendation of the R&R and finds that Petitioner has not shown he can use the actual innocence gateway around the statute of limitations.

Thus, Petitioner's objections to the R&R having been overruled, the Court accepts the R&R and finds that the Petition is barred by the statute of limitations.

## IV.    Motion to Supplement the Record

After filing his objections to the R&R, Petitioner filed a motion to supplement the record.  The Court agrees with Respondents that the motion does not identify anything Petitioner seeks to add to the record.  Instead, Petitioner just makes more arguments that are either covered by his objections or made in some fashion in his other various filings. Thus, the motion to supplement is denied as redundant of other filings in this case.

## V.    Further Amendments

Prior to filing his motion to amend, Petition filed a motion to stay this case pending him filing his motion for leave to amend.  At this stage of the proceeding, that request is moot and will be denied.

Additionally, the Court will not sua sponte allow Petitioner to file an amended petition.  The Court has reviewed Defendant's original answer, the R&R, the objections, and Petitioner's request for appointment of counsel. Taking all of these documents together, the Court finds that Petitioner has no evidence or argument that could be presented in an

amended petition that would change the outcome of this case.  Specifically, Petitioner has offered nothing that impacts this Court's conclusion that the Petition is barred by the statute of limitations and the actual innocence gateway around the statute of limitation is not available in this case. Accordingly, any further amendment would be futile.

**VI.    Conclusion**

Based on the foregoing,

**IT IS ORDERED** that the Motion to Strike the Reply to the Objections (Doc. 21) is granted – the Reply at Doc. 19 is stricken; the Motion to Amend (Doc. 10) is denied; the Motion to Strike (Doc. 12) is denied as moot; the Motion to Stay (Doc. 7) is denied as moot; the Motion to Supplement the Record (Doc. 16) is denied and the Motion to Appoint Counsel (Doc. 14 as supplemented at Doc. 20) is denied.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 13) is accepted.  The objections (Doc. 15) are overruled.  The Petition is denied and dismissed with prejudice because it is barred by the statute of limitations and the Clerk of the Court shall enter judgment accordingly.

**IT IS FINALLY ORDERED** that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because dismissal of the Petition is based on a plain procedural bar and jurists of reason would not find this Court's procedural ruling debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 5th day of April, 2022.

James A. Teilborg
Senior United States District Judge